IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ANTOINE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:12-0812 |
| v. | ) | |
| | ) | Judge Campbell |
| DETECTIVE ANDREW HURST, | ) | Magistrate Judge Bryant |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

To: The Honorable Todd Campbell, District Judge

REPORT AND RECOMMENDATION

I. Introduction

By order entered August 13, 2012 (Docket Entry No. 3), this matter was referred to the undersigned for case management and, e.g., to recommend ruling on any dispositive motion.

Plaintiff previously filed an action against the Montgomery County Jail based on the same set of facts alleged here, on July 5, 2012 (Case No: 3:12-cv-673). This Court dismissed that action on July 9, 2012, because a jail is not a defendant capable of being sued under 28 U.S.C. § 1983. (Id., Docket Entry No. 3). Plaintiff brought the instant action on August 6, 2012, this time naming the following law enforcement officers as defendants: Detective Andrew Hurst, Norman Lewis, Douglas Tackett, and Corporal T. Morey (Docket Entry No. 1). This Court dismissed the claims against Defendants Hurst and Lewis on August 13, 2012, because they were sued in only their official capacity, and the Plaintiff did not allege sufficient facts to sustain a colorable claim against them in such capacity. (Docket Entry No. 3 at 2-3). Accordingly, only the claims against Defendants Tackett and Morey remain.

The Plaintiff alleges that the officers violated his rights by ignoring his requests to be relocated to a different cell block, resulting in his eventual assault by other inmates. He seeks $250,000.00 in damages "for each case or claim," to receive proper mental and physical health evaluations, and for the Defendants to be removed from their positions. (Docket Entry No. 1 at 6).

Defendants Tackett and Morey answered the complaint on October 11, 2012 (Docket Entry No. 15), and filed a joint motion for summary judgment pursuant to FED. R. CIV. P. 56 on March 14, 2013 (Docket Entry No. 28), supported by affidavits stating their version of the relevant events and by the transcript of plaintiff's deposition. (Docket Entry Nos. 32-34). After receiving an extension of time in which to respond to this motion, plaintiff filed his response and "supporting proof" on September 6, 2013. (Docket Entry Nos. 41, 42).

For the reasons stated herein, the undersigned recommends that the Defendants' motion for summary judgment be GRANTED.

## II. Factual Background

At the time the complaint was filed, the Plaintiff was serving a five-year sentence in the Montgomery County Jail for burglary and theft of property. (Docket Entry No. 34, Smith Dep. 5:11-18). Defendant Morey is a corporal at the Montgomery County Sheriff's Office. (Docket Entry No. 33, Morey Aff. ¶ 1). Defendant Tackett is the Assistant Chief Deputy of Detention for the Montgomery County Sheriff's Office and oversees the operation of the Montgomery County Jail. (Docket Entry No. 32, Tackett Aff. ¶ 1). On September 18, 2011, the Plaintiff was placed in the "Q pod" of the jail. (Smith Dep. 23:9-13). The Plaintiff believes that Defendant Morey authorized Plaintiff's transfer to the Q pod (Smith Dep. 38:21-25), which Morey denies (Morey

2

Aff. ¶ 2).

Plaintiff suspected that one of his fellow inmates would attempt to attack him, and so he requested to be moved to a different "pod," without specifying why he wanted to be removed. (Smith Dep. 19:1-7). He stated that he was incompatible with "certain individuals" inside the jail. (Smith Dep. 1:16-18). He alleges that he made several verbal and written requests to be transferred because he felt threatened, but it is unclear to whom he made these requests. (Smith Dep. 29:13-20; 30:9-14; 31:11-22; 32:5; 34:7-12). Defendants Morey and Tackett claim they never received inmate request forms from the Plaintiff alleging that he felt threatened. (Morey Aff. ¶ 5; Tackett Aff. ¶ 11). The Plaintiff did not ever mention the name of the inmate he feared because he feared putting the inmate's name on paper. (Smith Dep. 37:6-7).

On January 22, 2012, Plaintiff was attacked by other inmates outside of his cell, including the one he feared when making his transfer requests. (Smith Dep. 13:23; 14:12-18). After the attack, Plaintiff was transferred to another pod. (Smith Dep. 23: 22-24). As a result of this attack, the Plaintiff alleges that a bone in his shoulder is out of place, he has suffered ligament damage, and that he cannot sleep due to pain and swelling. (Docket Entry No. 1 at 7). He also claims that one of his attackers bit him on the neck (Id.). The Plaintiff brought this action, claiming that the Defendants failed to protect him when they were aware that he was in danger. (Id. at 6-7). Defendant Morey claims that the plaintiff never spoke with him regarding his concerns of being threatened, and that he had no reason to believe there was a risk of serious injury to the Plaintiff during the time he was incarcerated (Morey Aff. ¶¶ 3, 4). Defendant Tackett also asserts that he had no reason to believe there was a risk of serious injury to the Plaintff. (Tackett Aff. ¶ 11).

III. Legal Conclusions

A. Standard of Review

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). See also Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). A "genuine issue of material fact" is one which, upon the evidence, could lead a reasonable jury to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875 (2000).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 249–50. However, "[t]he moving party need not support its motion with evidence disproving the nonmoving party's claim, but need only show that 'there is an absence of evidence to support the nonmoving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325). "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990). In other words, to defeat summary judgment, the party opposing the

motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir.2003) (quoting Anderson, 477 U.S. at 252).

## B. Analysis of Defendants' Motion

The Defendants argue that summary judgment is proper because there is no evidence in the record to suggest that the Defendants were aware of a substantial risk to the safety of the Plaintiff. (Docket Entry No. 29 at 6). The Defendants further argue that even if they were aware of a risk of serious harm to the Plaintiff, they are entitled to qualified immunity because their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. (Id. at 13-14).

To succeed on a claim under 42 U.S.C. § 1983, the Plaintiff must show 1) the deprivation of a right secured by the Constitution or Laws of the United States and 2) the deprivation was caused by a person acting under the color of state law. Street v. Correction Corporation of America, 102 F.3d 810, 814 (6th Cir. 1996) (citations omitted). Prison officials' deliberate indifference to a substantial risk of serious harm to an inmate satisfies both of these requirements. See id.

A government official performing discretionary functions is protected from civil liability under the qualified immunity doctrine unless, viewing the facts in the light most favorable to the plaintiff, a reasonable juror could find that: "(1) the defendant violated a constitutional right; and (2) the right was clearly established." Bishop v. Hackel, 636 F.3d 757, 765 (6th Cir. 2011). A constitutional right is clearly established if "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). A court may address the two prongs in either order, or

otherwise resolve the issue in an appropriate manner. See Pearson v. Callahan, 555 U.S. 223, 242 (2009). Prison officials have a duty to protect prisoners from violence at the hands of other prisoners, Farmer v. Brennan, 511 U.S. 825, 833 (1994), and the Sixth Circuit recognizes as clearly established an inmate's "constitutional right to be free from deliberate indifference to assault[.]" Bishop, 636 F.3d at 766; see also Leary v. Livingston Cnty., 528 F.3d 438, 442 (6th Cir. 2008); Doe v. Bowles, 254 F.3d 617, 620 (6th Cir. 2001); Walker v. Norris, 917 F.3d 1449, 1453 (6th Cir. 1990). Therefore, the Defendants' argument that they would be protected by qualified immunity, even if they were aware of a serious risk of harm to the plaintiff is contradicted by clearly established law. Accordingly, whether the Defendants are entitled to qualified immunity rests on whether the plaintiff has provided sufficient facts and evidence to create a triable issue that the Defendants were aware of and disregarded a substantial risk to his safety.

To establish a constitutional claim for deliberate indifference to an inmate's safety, the inmate must show that (1) the alleged mistreatment was objectively serious and (2) the defendant subjectively ignored the risk to the inmate's safety. Bishop, 636 F.3d at 766 (citing Farmer, 511 U.S. at 834). In Bishop, the Sixth Circuit assessed the liability of several prison official defendants individually when determining whether they were protected by qualified immunity in a deliberate indifference case. Id. at 767. In that case, an inmate alleged that prison officials knew that the inmate was at a substantial risk of sexual assault and did nothing. Id. The court held that whether one of the defendants knew of a substantial risk to the plaintiff was a question for the jury, based on the plaintiff's offering of that defendant's deposition testimony establishing his familiarity with the plaintiff's plight and potential vulnerability. Id. at 771. However, the Court granted qualified immunity to other defendants because the plaintiff failed to

offer evidence to contradict the testimony of those defendants that they had insufficient contact with the plaintiff to be aware of his vulnerability. Id. at 769-771.

Here, just as in Bishop, the plaintiff fails to adduce sufficient evidence to create a triable issue as to whether defendants Tackett and Morey knew of an excessive risk to plaintiff's safety. In his deposition, plaintiff testified that he made general, verbal requests of various deputies to be moved from Q-pod because of safety concerns which he did not attribute to any particular inmate (Docket Entry No. 34, Smith Dep. 19:1-25, 20:1-6); that he made a verbal request to a Deputy Jewels that he be placed in protective custody (id. at 24:7-10, 25:1-5); that he never made any written request but general appeals to be moved to safety (id. at 25:23-25, 26:1-2); and, that he requested to be moved mostly through verbal requests, with some written "request forms" directed to whoever was in authority (id. at 29:8-25, 30:1-25, 31:1-25, 32:1-5). Explaining his nonspecific approach to informing his jailors of the danger he was facing, plaintiff testified as follows: "[H]ow it works is when you're an inmate is that you don't give specifics then and there. You do just enough to the necessary authorities to get attention of those people, and then you explain your situation. You feel me? I mean, no one had me on a rail hanging from my leg, you know, (indicating) like that. Yes. I did whatever necessary to attract attention; yes." (Id. at 35:2-9). He further indicated in his response to defendants' summary judgment motion that "he used the chain of command and utilize[d] resources that [were] readily available to plaintiff, telling deputies verbally should've been successful enough." (Docket Entry No. 41 at 3).

While the Plaintiff in his complaint alleges that between October 10, 2011 and January 21, 2012, he sent requests and grievances to Defendant Tackett about his placement in the Q pod and his desire to be removed, and that Tackett declined to act or respond to those requests

7

(Docket Entry No. 1 at 6), he failed to attach any documentation to his complaint or otherwise substantiate this allegation on the record, and his deposition testimony contradicts any assertion that he directed multiple requests to Tackett apprising him of specific risks to his safety. In fact, plaintiff testified at his deposition that he directed "confidential letters" to Tackett because of his position as Jail Administrator, but that he had never had any direct contact or communication with him relating to the incidents complained of. (Docket Entry No. 34, Smith Dep. 52:2-11). In his affidavit, Tackett explicitly denies receiving any requests or grievances at all concerning plaintiff. (Docket Entry No. 32 at ¶ 11). Without any evidence supporting the allegations in the complaint, no issue of material fact exists that Defendant Tackett was aware of and disregarded a substantial risk to plaintiff's safety. "When an inmate fails to allege that he received specific threats and that he communicated those specific threats or fears to prison personnel, the Complaint fails to state an Eighth Amendment claim for failure to protect." Mosquera v. Delgado, 2010 WL 2010973, at *4 (N.D. Ohio Apr. 30, 2010), report and recommendation adopted, 2010 WL 2010969 (N.D. Ohio May 20, 2010) (citing Harrison v. Burt, 2008 WL 5062808 (E.D.Mich. Nov.25, 2008)). The undersigned concludes that defendant Tackett is qualifiedly immune and that summary judgment should be entered in his favor.

Additionally, the Plaintiff alleges that Defendant Morey did not check the jail computer system to see if the Plaintiff was incompatible with anyone in the Q-pod before reassigning him there. (Docket Entry No. 1 at 7). The Plaintiff further alleges that he filed a number of grievances and requests to be moved to a different pod. (Id.) Morey denies receiving any such grievances (Docket Entry No. 33 at ¶ 4) and further denies that he was the person to authorize moving the Plaintiff into the Q-pod. (Id. at ¶ 3). Morey's statements in his affidavit are sufficient evidence to support his motion for summary judgment. Plaintiff has failed to provide any evidence to

8

contradict or challenge Morey's affidavit. He alleges in his response brief that Morey knew of a prior altercation between plaintiff and inmate Nichols in which Morey had to separate the two inmates, and that he had had face-to-face communication about his incompatibility with Nichols on two occasions with Morey, during the passing of legal mail to and from plaintiff. (Docket Entry No. 41 at 1, 3). However, there is simply no proof that Morey was ever notified, verbally or in writing, of any specific threat of a substantial risk to plaintiff's safety on account of inmate Nichols, to which Morey was then deliberately indifferent. At worst, plaintiff's complaint and deposition testimony appear to assert that Morey negligently allowed plaintiff to be moved to Q pod without checking a list of "incompatibles" already housed on that pod, and then failed to respond to plaintiff's subsequent attempts to be removed from the pod because of the presence there of unnamed incompatibles. Without any evidence demonstrating a triable issue as to Morey's deliberate indifference to a specific risk of harm to plaintiff,[1] no reasonable juror could find that he violated plaintiff's constitutional rights, and Defendant Morey is therefore qualifiedly immune and entitled to summary judgment.

IV. Recommendation

For the reasons stated herein, the undersigned hereby recommends that the Defendants' motion for summary judgment (Docket Entry No. 28) be GRANTED.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to do with the District Court. Any party opposing said

---

[1] See Mosquera, *supra* at 8.

9

objections shall have fourteen (14) days from the receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

ENTERED this 12th day of September, 2013.

                                          s/ John S. Bryant
                                          JOHN S. BRYANT
                                          UNITED STATES MAGISTRATE JUDGE